# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ERIC JERMAINE PETERSON,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 5:19-cv-00920-RDP-SGC** |
| | ) |
| **STATE OF ALABAMA DEPARTMENT** | ) |
| **OF CORRECTIONS, et al.** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a Report and Recommendation on July 14, 2020, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 12). Although the Magistrate Judge advised Plaintiff of his right to file specific written objections within fourteen (14) days, no objections were received by the court within the time allotted. Instead, on July 31, 2020, Plaintiff filed a document titled "Amended Complaint," followed by the phrase "Limestone Correctional Facility, Alabama Department of Corrections' Prison Conditions." (Doc. 13 at 1).

The remainder of the document is a list of the following nine conditions, bereft of any additional contextual facts: 1) 110 bunks spaced 2 feet apart for 220 inmates; 2) blankets washed once per month; 3) sheets washed once per week; 4) church pew benches do not have enough space for every inmate to sit; 5) steel-like building becomes excessively hot (over 100 degrees); 6) 12 sinks for face washing and tooth brushing, 3 of which leak; 7) 14 toilets; 8) 2 leaking urinals; and 9) 10 additional sinks that do not work and leak across the floor. (*Id*. at 1-2).

To the extent Plaintiff's "Amended Complaint" can be construed, in part, as objections to the Magistrate Judge's Report and Recommendation, they are untimely filed. Plaintiff had

fourteen (14) days from the entry date of the July 14, 2020 Report and Recommendation, or until July 28, 2020, to file his objections but failed to do so until July 31, 2020.[1] Further, the filing does not point to any errors made by the Magistrate Judge in her recommendation. Accordingly, even if the objections were timely, they are without merit.

Nor would treating the document as an amended complaint save this action from dismissal. Prior to entry of the Report and Recommendation, the Magistrate Judge notified Plaintiff that his original complaint was deficient and ordered him to file an amended complaint in accordance with specific instructions. (Doc. 8). Although Plaintiff filed an amended complaint (Doc. 10), he failed to correct the deficiencies identified by the Magistrate Judge because he failed to identify a defendant subject to suit and failed to set out any allegations. Plaintiff's list of conditions in the current (*i.e.*, second) amended complaint are similar to those raised in his original complaint. (Doc. 1). But again Plaintiff fails to identify a defendant subject to suit and fails to plead his claims with sufficient factual detail to allow the court to conclude that he has plausibly stated an Eighth Amendment claim.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the July 31, 2020 "Amended Complaint," the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** and the Recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

---

[1] Because prisoners proceeding *pro se* have virtually no control over the mailing of their pleadings, their pleadings are deemed to be filed at the time a prisoner delivers a pleading to prison or jail officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). Although the record contains no information regarding the date Plaintiff gave his complaint to jail officials to be mailed, he signed his proposed amended complaint on July 31, 2020. The court will, therefore, deem Plaintiff's proposed amended complaint to have been filed on that date. (The proposed amended complaint was not received by this court until August 18, 2020.)

A Final Judgment will be entered.

**DONE** and **ORDERED** this September 21, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE